For meaning of Abreviations, See Ternary Digest, page XII.

---

### No. 564

### HARBINE v. DAVIS et

### No. 19882. Supreme Court

On motion to certify. Dock. June 9, 1926.

831. **NEGOTIABLE INSTRUMENTS —** Where negotiable promissory notes are negotiated to a third party and said third party is familiar with the transaction for which the notes were given and thereby knows that there was no consideration for the notes may said party recover in an action against the payer?

John T. Harbine, Jr., brought this action originally in the Montgomery Common Pleas agaist Robert Davis, upon a certain promissory note executed by Davis, the note being secured by a mortgage. The note was made payable to one Rawls who was also the mortgagee.

The defense was failure of consideration and a mortgage of such failure on the part of Harbine, said notes having been given in payment of a truck which was never delivered.

The Common Pleas overruled a motion and demurrer to the answer as it found that a good defense was stated, which ruling was affirmed by the Appeals.

Harbine in the Supreme Court contends:
1. That the demurrer should have been sustained because facts were not stated to constitute a good defense to the allegations in the petition.

**Attorneys**—F. H. Dean and J. T. Harbine, Xenia, for Pltf.; A. H. Scharrer and O. J. Bard, Dayton, for Deft.

### No. 565

### BENDER STREIBERG & CO. v. AMERICAN RY. EXPRESS CO.

### No. 19745. Supreme Court

On motion to certify. Dock. April 5, 1926; 4 Abs. 238.

355. **DAMAGES**—Where there are two issues in a case, one as to liability as for unreasonable delay by carrier; and amount of damages the measure of which is a definite one; evidence of damages being uncontradicted and the jury brings in a verdict for less than lowest amount testified to, may the trial court enter a judgment larger than the verdict but for the lowest amount under any view of the testimony.

Bender, Streibig & Co. purchased 700 hampers of beans from New Orleans to be shipped by express so that they might arrive in Cincinnati early. The American Railway Express Co., the carrier failed to maintain its schedule or deliver within a reasonable time for an express shipment.

The Bender Co. brought the action in the Hamilton Common Pleas against the Express Co. and a verdict for $500 was returned in favor of the plaintiff. It was claimed that the beans were sold for less than the market value on the day they arrived, (after the regular market day) and were sold for even less on the following Monday. Judgment was entered for $918.13 in favor of the plaintiff by the court.

Error was prosecuted and the Court of Appeals held that the trial court had no power to give judgment for more than the verdict. From the decision of the Court of Appeals the case was taken to the Supreme Court on a motion to certify and it was claimed that the judgment rendered by the Common Pleas should stand for the reason that the verdict of the jury was for an amount "inadequate under any view of the testimony" while that of the court was for an amount larger than the verdict but for the lowest possible amount under any view of the testimony.

It is contended that the only undisputed issue of fact, that of reasonableness of delivery, was found in favor of the plaintiff; and it had therefore become the province of the Court to enter judgment for the minimum amount of the undisputed evidence of the amount of damage. "When the jury awards inadequate damages; but the rest of the verdict is in no way tainted; it should be possible to compel the defendant to pay an adequate amount."

It is claimed that the decision on issues of fact in which there is conflicting evidence is for the jury; but the application of law to undisputed facts is the province of the court.

**Attorneys**—Moulinier, Bettman & Hunt for Bender Co.; Maxwell & Ramsey for Express Co.; all of Cincinnati.